**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.N.-1**

**No. 24-214** (Nicholas County CC-34-2023-JA-46)

## MEMORANDUM DECISION

Petitioner Father J.N.-2[1] appeals the Circuit Court of Nicholas County's March 20, 2024, order denying post-termination visitation and prohibiting contact with J.N.-1, arguing that this finding was not supported by the weight of the evidence.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating, in part, and remanding the circuit court's March 20, 2024, order is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.[3]

In April 2023, the DHS filed an abuse and neglect petition against the petitioner after an incident of domestic violence between the petitioner and the child's mother in the presence of the child, resulting in the mother obtaining a domestic violence protective order against the petitioner.

---

[1] The petitioner appears by counsel Joseph M. Mosko. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Denise N. Pettijohn appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the child, J.N.-1, and the father, J.N.-2, share the same initials, we use numbers to differentiate them.

[3] The circuit court's order also terminated the petitioner's parental and custodial rights to the child after accepting the petitioner's voluntary relinquishment of his rights. The petitioner does not appeal the termination of his parental rights. As such, we do not disturb any of the court's findings regarding termination and that portion of the circuit court's order remains in effect. We vacate the court's order only to the extent that it denies post-termination visitation and prohibits contact with the child.

Additionally, the DHS alleged that the petitioner had a "severe drinking issue" and that the home was in a deplorable condition. The petitioner stipulated to the allegations in the petition, and the court adjudicated the petitioner as an abusing and neglecting parent in May 2023. The court then granted the petitioner a post-adjudicatory improvement period, the terms of which included participation in family drug treatment court ("FTC"), among other requirements. The FTC assisted the petitioner in entering a drug rehabilitation program. However, in June 2023, the petitioner left the program and, after another domestic dispute with the mother, was arrested for violating the domestic violence protective order. The petitioner then entered an inpatient drug rehabilitation program.

The court held a dispositional hearing in February 2024. The petitioner voluntarily relinquished his parental and custodial rights, and the court accepted the petitioner's relinquishment. The petitioner requested post-termination visitation, which the guardian supported. The DHS made no argument as to whether post-termination visitation should be granted but objected to being required to supervise any visitation. The court terminated the petitioner's parental and custodial rights to the child by order entered on March 20, 2024. In the same order, the court denied post-termination visitation and prohibited any contact between the petitioner and the child. However, the order did not contain any findings as to whether post-termination visitation was in the child's best interest or as to the bond between the petitioner and the child.[4] It is from this dispositional order that the petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by denying post-termination visitation and prohibiting contact between the petitioner and the child. Regarding post-termination visitation, we have held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

---

[4] The court found that the petitioner "ha[d] not properly addressed his mental health issues and ha[d] missed visitations are [sic] a result of the same, by his own admission." However, the petitioner testified only to the voluntariness of his stipulation and made no admissions regarding visitation or mental health issues. No other testimony was given. No mental health issues were alleged in the petition or noted in the adjudicatory order.

[5] The permanency plan for the child is to remain in the custody of the nonabusing mother.

2

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The circuit court's order does not include any findings relative to whether post-termination visitation would be in the child's best interest. Similarly, the order does not contain any findings regarding the bond, or lack thereof, between the petitioner and the child. Therefore, the circuit court's ruling on post-termination visitation must be vacated and the matter remanded for further consideration of this issue. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (requiring vacation and remand where "the process established by the [applicable rules and] statutes . . . has been substantially disregarded or frustrated"). On remand, we direct the circuit court to conduct any further proceedings necessary to consider the required factors to determine whether post-termination visitation is in the best interests of the child and enter an order memorializing its ruling.[6]

For the foregoing reasons, we vacate only the portion of the circuit court's March 20, 2024, order denying post-termination visitation and prohibiting contact with the child and remand for further proceedings consistent with this decision. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated, in part, and remanded with directions.

**ISSUED**: June 26, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Justice Elizabeth D. Walker
Justice Tim Armstead

Walker, Justice, joined by Justice Armstead, dissenting:

Petitioner Father J.N.-2—whose parental and custodial rights to the child were terminated after the circuit court accepted his voluntary relinquishment of those rights—argues that the court erred in denying his motion for post-termination visitation with the child. Father claims there is no evidence in the record that post-termination visits would *not* be in the child's best interest. I

---

[6] We further note that, subsequent to this appeal, Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was revised to set forth specific considerations necessary to grant post-termination visitation and requiring entry of an order ruling on the motion with "supportive findings sufficient to permit appellate review."

respectfully dissent to the majority's decision that vacates and remands the matter to the circuit court to make findings relative to whether post-termination visitation would be in the child's best interests. Because a review of the record demonstrates that this was not an appropriate case for post-termination visitation, I would have affirmed its decision.

This Court has held that, "[w]hen parental rights are terminated due to neglect or abuse, the circuit court *may* nevertheless in *appropriate cases* consider whether continued visitation or other contact with the abusing parent is in the best interest of the child."[1] In their briefs before this Court, the DHS and the child's guardian ad litem argue that the circuit court considered the relevant factors and determined that this was not an appropriate case for post-termination visitation. The DHS contends that there was no evidence to establish that the child had a close emotional bond with Father. These proceedings were initiated after Father was arrested in 2023 following a domestic altercation with the child's mother that occurred in the presence of the two-year-old child. I am persuaded by the DHS's argument that the underlying circumstances render further evidence on the issue of post-visitation termination "manifestly unnecessary" under *Christina L.* because the uncontroverted evidence shows that Father

> left rehabilitation and committed another act of domestic violence towards Mother . . . in June 2023, only days after he had been granted visitation notwithstanding an active domestic violence protective order; had missed visits due to his own actions; and did not have a suitable home for visitation.[2]

The child's guardian also argues that Father failed to demonstrate how post-termination visitation would be in the child's best interest. The guardian states that "[d]ue to Father's drug use and untreated mental health conditions, he did not spend time to develop a bond with young J.N.-1. Therefore, there is not a strong bond to be maintained with post-termination visitation." In *Christina L.,* we noted that circuit courts should be aware that post-termination visitation may be in the best interest of the child, especially when there is a close bond, and the child maintains love and affection for his parent. But "[w]here no bond exists, the consideration of post-termination visitation is not required."[3] For these reasons, I respectfully dissent. I am authorized to state that Justice Armstead joins in this dissent.

---

[1] Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (quoting Syl. Pt. 5, in part, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (emphasis added)).

[2] Citations to the record omitted.

[3] *In re Katie S.*, 198 W. Va. 79, 91, 479 S.E.2d 589, 601 (1996).